BREWER et al. v. BREWER et al.

Middle Section.* Jan. 14, 1933.

Petition for Certiorari denied by Supreme Court, May 20, 1933.

Rehearing by Supreme Court denied June 24, 1933.

---

* The court ordered the publication of this hitherto unpublished opinion upon the suggestion of the Acting Chief Attorney of the Veteran's Administration, Nashville, Tenn.

Haggard & Haggard, of Waynesboro, for appellant United States Fidelity & Guaranty Co.

C. L. Boyd, of Waynesboro, for appellees Gladys Brewer and C. L. Norman, Guardian.

FAW, P. J. The labor of the court in acquiring an understanding of this record of more than 300 pages has been greatly increased by the failure of the clerk to observe the rule of this court which provides that "clerks shall make out transcripts so that process, pleadings, rules, orders, decrees, judgments, and steps of whatever kind, shall be entered in the order of sequence as they occurred in the progress of the cause." (See Appendix to 155 Tenn., or Appendix to either of the Tennessee Appeals Reports, volumes 1 to 11, inclusive.)

The original bill in this case was filed on August 16, 1930, by Gladys Brewer, a citizen and resident of Wayne county, Tenn., who states in the caption of her bill that she "brings this suit for her own use as the wife of John Walker Brewer, and also as next friend of the said John Walker Brewer, who is also a citizen and resident of Wayne County, Tennessee, who is now confined in the Marion National Sanatorium, at Marion, Indiana."

The defendants to the original bill are described in the caption thereof as follows:

"James H. Brewer, individually, and as the guardian de facto and trustee, of John Walker Brewer; Carrie E. Brewer; S. M. Brewer; F. B. Hurst; E. L. Clayton; W. T. Harlow; John Daniel; citizens and residents of Wayne County, Tennessee; J. F. Castell, a citizen and resident of the State of Arkansas; Lon W. Brewer, a citizen and resident of Lawrence County, Tennessee; Alf Stutts, a citizen and resident of Chester County, Tennessee; A. C. Brewer, a citizen and resident of Davidson County, Tennessee; the United States Fidelity and Guaranty Company, a corporation organized under the laws of the State of Maryland, but authorized to do a general surety business in the State of Tennessee; J. B. Garner, and Pride Tomlinson, citizens and residents of Maury County, Tennessee; and John Walker Brewer, a citizen and resident of

Wayne County, Tennessee, but at present confined in the Marion National Sanatorium, at Marion, Indiana, as a person of unsound mind.''

The decree brought up for review by the appeal in this case, was predicated upon the pleadings and exhibits thereto, and, as the pleadings present a very unusual state of facts, we think it necessary to an understanding of the questions for decision here (which are, in some of their aspects, quite novel) that we quote a considerable part of the original bill, as follows:

''Your complainant would respectfully show to the court:

''I. That she is the lawful wife of John Walker Brewer, that they were married in Giles County, Tennessee, on the 24th day of September, 1925, and has all her life resided in Wayne County, Tennessee. A certified copy of the marriage license, showing the return of the officer performing the ceremony, will be filed as 'Exhibit No. 1' to this bill on or bfore the hearing if necessary, but the same need not be copied, unless demanded by defendants.

''II. That John Walker Brewer is also a citizen and resident of Wayne County, Tennessee, but has been confined continuously in the Marion National Sanatorium, at Marion, Indiana, for treatment under the direction of the United States Veterans' Bureau, since September 28th, 1925, to which place he was carried by his brother James H. Brewer, acting as guardian of the said John Walker Brewer, as will hereinafter be more fully shown.

''III. That the defendant James H. Brewer is the brother of the said John Walker Brewer, and on or about August 22, 1922, went into the County Court of Wayne County, Tennessee, and attempted to have himself appointed guardian of the said John Walker Brewer. Letters of guardianship were issued to the said James H. Brewer, as the guardian of the said John Walker Brewer, and said guardian executed his guardian's bond on August 23, 1922, in the penalty of two thousand ($2000) dollars, with the defendants Carrie E. Brewer, S. M. Brewer, and J. F. Castell as his sureties on said guardian's bond.

''That at the time of the alleged appointment of the said James H. Brewer, as the guardian of the said John Walker Brewer, there was little or no property of the ward over which said guardian could exercise authority or reduce to his possession, but immediately thereafter, the said guardian received from the United States Government large sums of money on account of the disability of the said John Walker Brewer, and by reason of his service in the United States Army during the World War, and from time to time the said James H. Brewer, while acting as the Guardian of the said John Walker Brewer, received checks and vouchers on this account to the amount of more than ten thousand ($10,000) dollars. From time to time the said James H. Brewer, acting as such guardian,

made what purports to be a statement of his account with his said ward with the County Court of Wayne County, Tennessee, and on August 25, 1924, renewed his bond as such guardian in the penalty of fifteen thousand ($15,000) dollars, with the defendants, Carrie E. Brewer, S. M. Brewer, J. F. Castell, Alf Stutts, A. C. Brewer, John Daniel, F. B. Hurst, E. L. Clayton, W. T. Harlow, and Lon W. Brewer as sureties on said guardian bond; and again on January 26, 1926, the said James H. Brewer, as the guardian of John Walker Brewer, renewed his said guardian's bond in the sum of twelve thousand ($12,000) dollars, with the defendant the United States Fidelity & Guaranty Company, as his surety, the name of said company being signed upon said bond by F. B. Hurst their duly constituted attorney-in-fact, and with the seal of said corporation affixed to said bond.

"That the names of said sureties upon the several bonds of the defendant James H. Brewer, as guardian of John Walker Brewer, are as stated in the caption, and their several places of residence are stated upon information deemed reliable.

"Each of said bonds were accepted and approved by the County Judge of Wayne County, Tennessee, as will hereinafter more fully appear.

"IV. That on or about September 26, 1925, and while your complainant and the said John Walker Brewer were residing in Wayne County, Tennessee, at the home of a relaive of the said John Walker Brewer, as husband and wife, the defendant, James H. Brewer, brought a number of officers to the home they were then residing in and in the nighttime forcibly took her husband, the said John Walker Brewer, from her, and after holding him in the jail at Waynesboro for a day or two compelled him to go with him to Marion, Indiana, and there placed him in the Marion National Sanatorium, where ex-service men are confined and treated at the expense of the United States Government. And since said date of about September 28, 1925, the said John Walker Brewer has been there confined, and not so much as returning to his home for a visit. All of which conduct on the part of the said James H. Brewer was against the will and over the protest of your complainant and the said John Walker Brewer. And complainant charges that such conduct was the first step in the scheme and design of the said James H. Brewer to harass, annoy, and embarrass your complainant, and to prevent her from enjoying the association and companionship of her said husband, and maintenance and support from him, as will hereinafter be more fully shown from the course pursued by the said James H. Brewer upon his return from Marion, Indiana. As the guardian of the said John Walker Brewer, James H. Brewer directed the authorities there to receive and detain him, and he is now, as complainant is informed and charges, restrained there under guard, as a person of unsound mind.

"V. That immediately upon his return from Marion, Indiana, and on September 28, 1925, the said James H. Brewer, as the guardian of her husband, John Walker Brewer, filed a bill in the Chancery Court at Waynesboro, Tennessee, in which bill, without the consent of or authority from the said John Walker Brewer, he named him as a party-complainant, against your complainant herein, and after numerous allegations which were wholly untrue, prayed that the marriage between your complainant and the said John Walker Brewer be declared void ab initio, or annulled by the decree of this Court, and that your complainant 'be enjoined from in any way interfering with said John Walker Brewer or his property or effects, in any manner whatever', and he prayed for general relief.

"That your complainant filed her answer to said bill, and the said John Walker Brewer, by and through his solicitors, J. B. Garner and Pride Tomlinson, was permitted to file his petition in the cause, in which he denied the right or authority of the said James H. Brewer to make him a party-complainant for the purposes stated in the bill, disclaiming any purpose or desire on his part to annul the marriage with complainant, and charging in said petition that the course of his brother, the said James H. Brewer, was the result of selfish motives, and to prevent the complainant herein from receiving the benefits of the large sum of money held by the said James H. Brewer, to the end that he and his brothers and sisters would receive the full benefit thereof if the marriage with this complainant should be annulled, and the said John Walker Brewer should die without issue.

"That the brothers and sisters of the said James H. Brewer, employed counsel and filed their petition in the cause, joining with the said James H. Brewer in seeking to annul the marriage between your complainant and the said John Walker Brewer.

"That after the cause was at issue, much proof was taken, and the cause was heard by this Honorable Court in July, 1927, taken under advisement by the court, and at the regular November, 1927, term of the court a decree was entered dismissing complainant's bill, declaring the marriage of your complainant and John Walker Brewer to be legal, valid, and binding in every respect, and further that James H. Brewer, was not the legally appointed guardian of John Walker Brewer, and that the order of the County Court of Wayne County, Tennessee, appointing him as such guardian was illegally obtained and void, and adjudging that the said James H. Brewer, individually, pay all of the costs of the cause, and awarding execution.

"In the opinion of the chancellor in said cause, and now on file with that record in the office of the Clerk & Master, will be found the following statement, referring to John Walker Brewer.

"VI. Your complainant would further show to the court that she is without means, and that since the date of her marriage with the said John Walker Brewer, on September 24, 1925, she has been supported by her mother and brothers and by her own work on the several farms where they lived as tenants. Not one cent has she received from her husband, or from James H. Brewer who has at all times held all of the funds belonging to her said husband, and he has refused to contribute one cent to the maintenance and support to which she was entitled as the wife of John Walker Brewer out of his property, amounting to ten thousand dollars, or more. And complainant is informed, which information she deems reliable, that the said James H. Brewer has made the statement that he would spend all of the money he has in his hands belonging to her husband, before she should receive one cent.

"Your complainant is advised that she has the right to come into this Honorable Court by this bill to compel the said James H. Brewer to make such payments to her for her maintenance and support out of the funds in his hands belonging to John Walker Brewer, her husband, as the court may deem proper, and this suit is brought by her for this purpose, as well as for the other purposes hereinafter stated. And she avers that she is entitled to a decree for such amount as the court may determine should have been paid to her since the date of her marriage for her maintenance and support during such period, and to fix an amount to be paid to her each month in the future, out of the funds belonging to her husband to the end that she may receive that support and enjoy the comforts to which she, as the wife of one possessing such means, may be entitled. And she is further advised that she is entitled to all necessary orders and references to carry into effect the decree of the court.

"VII. Complainant would further show to the court that the said James H. Brewer, who since August, 1922, has been acting as his guardian, has not made prompt annual statements of his accounts with his ward in the County Court of Wayne County, under authority of which Court he presumed to have been acting, nor has he renewed his bonds as the law required. The date of his last settlement appearing upon the records of said County Court is August 24, 1928, and the date of his last bond as such guardian is January 26, 1926.

"That such guardianship has been under the direction of the United States Veterans' Bureau through J. M. Nixon, Regional Attorney, at Nashville, Tennessee, and that since the final determination of the cause above referred to she is informed the said J. M. Nixon has repeatedly called upon the said James H. Brewer to make his settlement, and to account for the funds of John Walker Brewer that should be in his hands. And notwithstanding the

repeated demands made on him, the said James H. Brewer has failed and refused to state his accounts, or to make any settlement of his affairs as guardian of the said John Walker Brewer. Your complainant charges that his failure to make annual settlements, and to renew his bond biennially, as the statutes require, are grounds for his removal by this court as such guardian, had he been legally appointed. And, since it has been decreed by this honorable court that he was not legally appointed as the guardian of John Walker Brewer, his failure and refusal to state his accounts with his ward when called upon so to do by the proper authority, and his delay and conduct as will hereinafter be more fully charged, amounts to and is a conversion and appropriation by him of the funds in his hands belonging to the said John Walker Brewer. And to the end that the funds and property of her husband may be fully protected and preserved, and having a beneficial interest in the same as his wife, she brings this suit as the next friend of the said John Walker Brewer to compel and require the said James H. Brewer to answer in this court as to how he has managed the funds of his ward, and to compel a full and final settlement with this court of such funds and property that went into his hands and not properly disbursed for the benefit of the said John Walker Brewer. And she avers that this suit is brought with the approval and consent of the said J. M. Nixon, Regional Attorney.

"VIII. Your complainant would further show to the court that the defendant, John Walker Brewer, is a citizen and resident of Wayne County, Tennessee, but since September, 1925, he has been confined in the Marion National Sanatorium at Marion, Indiana, a hospital maintained by the United States Government for disabled ex-service men. She is advised that he is physically and mentally incapable of the proper management of his affairs, or the handling of his funds, or giving the necessary attention to the collection of certain payments due to him by the United States Government as well as properly investing such funds when collected. Nor is he, on account of his defective mental condition, able to give the required direction and attention to the employment of counsel and the institution of proper proceedings to require and compel the said James H. Brewer to fully account for the funds and property in his hands belonging to him, the said John Walker Brewer.

"Your complainant therefore charges, upon information, that the said John Walker Brewer is, at this time, a person of unsound mind, and avers that a guardian for him should be appointed by this court, and this suit revived and prosecuted in his name, or to receive and properly account for the funds belonging to the said John Walker Brewer after the same is paid into this court under its orders and decrees.

"Your complainant is unable to serve as such guardian and to

execute the proper bonds. And on account of the former litigation instituted by the said James H. Brewer, as the guardian of the said John Walker Brewer, and by reason of the bitterness shown, and the extremes to which the said James H. Brewer went to annul the marriage of complainant and his ward and to hold in his hands the funds belonging to the said John Walker Brewer, his brother, and to prevent this complainant from receiving any benefit whatever of any of said funds, and further because the said James H. Brewer would not agree to the appointment of any person suggested as the guardian of John Walker Brewer, no one desires to serve as such guardian, well knowing that litigation with the said James H. Brewer, and the sureties on his several guardian bonds would surely follow. The determination of James H. Brewer to continue to hold the property of John Walker Brewer and to defeat the rights of your complainant, is well known by those who might otherwise be willing to serve as the guardian of John Walker Brewer, and no one has come forward and qualified as such guardian, although several suitable persons have been requested so to do. And complainant further avers that there is no suitable person related to her husband who can execute the proper bonds that is willing to serve as such guardian. She is, therefore, compelled to come into this court to ask its aid in taking from the hands of one so unsuited for the place, and who has expressed and shown his great animosity toward her, the funds of her husband who cannot look after his own affairs, and to place such funds in the hands of some person to be named by the court to properly handle and manage the property of her husband.

"IX. Your complainant charges that the suit brought by James H. Brewer, guardian, in which he joined as complainant the name of her husband without right or authority, was for the purpose of defeating complainant in her proper claim for support, and for the purpose of retaining control of the funds of John Walker Brewer for the personal benefit of said James H. Brewer. Complainant also charges that all of this was done by said defendant with full knowledge of her rights under the statutes of Tennessee, and that he well knew that unless he could have her marriage with John Walker Brewer declared void, that she would now, as well as later, receive the benefits of the money in his hands. And that the course he pursued clearly shows his desire to profit by the sums of money that had been paid to him by the United States Government for the benefit of the said John Walker Brewer. The fact that the said James H. Brewer engaged the services of three eminent and able attorneys, and received the benefit of two other eminent and able attorneys by the employment of others who might also profit by the annulment of her marriage with John Walker Brewer, and the extent to which he prosecuted said suit, the quan-

tity of proof taken and exhibits filed, the appeal of the case to the Court of Appeals from an adverse decree in this court, and the filing of his petition for certiorari in the Supreme Court, and incurring an enormous bill of costs as well as other expenses, are but few of the evidences to which your complainant now points to show the extremes to which the complainant went to determine just one question, viz.: 'Was the marriage between John Walker Brewer and Gladys Griggs valid?'

"And your complainant further charges that since the date of her marriage to John Walker Brewer, the defendant James H. Brewer has shown his ill-will toward her and her mother. The original bill filed by him against your complainant shows this feeling in the numerous false and slanderous charges contained therein. Nor has he evidenced any different attitude toward them since that date. One or more persons have been to complainant with suggestions that she accept a small sum of money and relinquish her rights in whatever funds the said James H. Brewer may have belonging to John Walker Brewer, and she believed then and believes now that such persons were sent to her by James H. Brewer, or someone else very greatly interested in the final disposition of such funds.

"X. Your complainant further charges that by reason of the order of the County Court appointing James H. Brewer as the guardian of John Walker Brewer, and the execution of his several bonds as such guardian, each of which bonds were accepted and regularly approved by the county judge of Wayne County, Tennessee, where such appointment had been attempted, the said James H. Brewer received into his hands from time to time certain checks and vouchers issued by the United States of America for the benefit of the said John Walker Brewer. Complainant is not now advised as to the total amount so received by the said James H. Brewer, but she charges that the amount was in excess of ten thousand ($10,000) dollars, and she reserves the right to show that the amount was greatly in excess of this sum. And, but for the execution, acceptance and approval of his several guardian bonds, each of which she believes to be good and solvent, the United States Government would never have delivered to him any part of said sum.

"And she avers that each of the sureties on each of the several bonds of James H. Brewer are jointly and severally liable to her and to her husband, John Walker Brewer, for such amount as the court may determine he received as such guardian, less whatever sums, if any, were properly expended for the benefit of the said John Walker Brewer.

"XI. Your complainant would further show to the court that from the date of his alleged appointment as the guardian of the

said John Walker Brewer, the said James H. Brewer, as his guardian, made five annual statements of his account with John Walker Brewer. Each of said statements were made with the county court clerk, and were accepted and approved by the county judge of Wayne County, Tennessee. But the oath of the guardian to said settlements, or most of them, as required by law, is omitted.

"XII. Your complainant herewith files as 'Exhibit No. 2' to this bill a complete transcript of each order, guardian's bond, settlement, voucher and receipt filed in the county court of Wayne County, Tennessee, from the date of the request made for the appointment of James H. Brewer as the guardian of John Walker Brewer, to the last order and settlement, August 24, 1928, showing the complete record of his accounts, bonds, and settlements as guardian of John Walker Brewer. And the same is made a part of this bill as if copied fully herein, for a full understanding by this court of the manner in which the affairs of John Walker Brewer have been managed by the said James H. Brewer, but said record and transcript, nor any part of same, need be copied unless demanded by the defendants.

"Your complainant would show that in each of the five purported settlements the said James H. Brewer made to the county court clerk of Wayne County, Tennessee, as the guardian of the said John Walker Brewer, he falsely and fraudulently demanded and received credit for many improper items, to-wit" (here follows a series of allegations through which complainant seeks to surcharge and falsify numerous items in the aforesaid settlements of defendant James H. Brewer made in the county court of Wayne county, after which the bill proceeds and concludes as follows):

"Complainant charges that there are other errors, omissions and mistakes in said accounts, and that the same should be re-opened generally to the end that complainant may show by proof not only the errors and improper credits above set forth, but such others as she may hereafter discover.

"And she charges that if said defendant, James H. Brewer, had not demanded and received the credits aforesaid, wrongfully and fraudulently, he would now be liable to the said John Walker Brewer in the sum of more than two thousand dollars more than his said last settlement shows, which sum he states to be, after allowing all of the credits claimed by him, the sum of $9,866.48, as of August 24, 1928. And she charges that the said James H. Brewer is liable to her and to the said John Walker Brewer, upon his several bonds, and by virtue of his said trust, for the full amount he received, less proper credits, and is liable to pay compound interest thereon. And she further charges that in said settlements the defendant is allowed undue and illegal compensation, as aforesaid, and for his conduct and failure to make prompt annual settle-

ments and renew his bond biennially, as required by law, he should be denied any compensation whatever.

"It will also be observed that the purported annual settlements of James H. Brewer, as guardian, are not verified by his affidavit as required by section 6, chapter 139, Public Acts of 1925, nor have other provisions of said section been complied with.

"Complainant further charges that the said James H. Brewer has not kept the surplus profits and money of the said John Walker Brewer loaned at interest with sureties approved by the court nor upon mortgages on real estate after proper valuation and appraisal as required by law, nor in bonds of the State of Tennessee or the United States, or other stocks or bonds. She has been informed that the said guardian holds but one deed of trust, and that upon a house and lot in Waynesboro, Tennessee, to secure a note executed by Wayne Copeland and Fannie Copeland, in the sum of $1,757.10, dated July 1, 1926, and due twelve months after date. Said note is long past due and she charges that no effort has been made to collect said note or to foreclose said deed of trust.

"And complainant further charges that the said James H. Brewer is wholly insolvent, and that he does not now have in his hands cash or solvent notes or mortgages or stocks or bonds for the benefit of his said ward so that he can make a full and final settlement with this court upon its demand.

"And for the reasons stated herein, complainant avers that the said James H. Brewer should be held liable to her and to her said husband John Walker Brewer upon his several bonds for the full amount received by him for the said John Walker Brewer, with compound interest, with credits allowed for whatever sums the court may determine have been properly expended in his behalf.

"XIII. Complainant would further show to the court that the defendants J. B. Garner and Pride Tomlinson are attorneys residing at Columbia, Tennessee, who represented her husband in said cause No. 1376 above referred to, and rendered valuable services. and she is informed that neither of said attorneys have been paid any sum for their services or moneys expended by them in behalf of John Walker Brewer. And she would further show that in said cause, on November 11, 1926, an order was entered by this court confirming the report of the Clerk & Master on references, and decreeing that the said James H. Brewer, guardian, pay the sum of $750 into the office of the Clerk & Master on or before November 15, 1926, out of the funds of John Walker Brewer, to be paid to the said J. B. Garner and Pride Tomlinson. But such order further provided 'that if there are funds available, and if not available on said date of November 15, 1926, then to be paid in out of the first funds coming into his hands from loans or other-

wise, belonging to said ward.' 'Complainant is advised that the said James H. Brewer never complied with said order, and that no amount was ever paid.

"Complainant is not informed as to what amount the said J. B. Garner and Pride Tomlinson now claim to be due to them, for their services and expenses, and they are made parties defendant to this bill to the end that their claim may be fully adjudicated by the court and whatever amount is justly owing to them by John Walker Brewer may be paid out of his funds.

"Your complainant does not know of any other person claiming to be due any amount from the said John Walker Brewer, nor does she know of any other property or effects belonging to John Walker Brewer, except that owing to him by the said James H. Brewer and the several sureties on his guardian bonds. Not one cent does she have in her hands as next friend of the said John Walker Brewer.

"XIV. Complainant avers that the defendant, J. F. Castell, one of the sureties on the first and second bonds executed by James H. Brewer as guardian of John Walker Brewer, is a non-resident of the State of Tennessee, and a resident of the State of Arkansas, and that he has no property in the State of Tennessee on which an attachment may be levied to compel him to answer this bill.

"Complainant further avers that she is an adult, and that no children were ever born to her and John Walker Brewer, and that as his wife she has a beneficial and equitable interest, under the law in and to all of the personal property to him belonging. And she is advised that she has the right to seek the aid of this honorable court to preserve and protect such personal property, and to require a strict accounting and settlement by the said James H. Brewer as the de facto guardian of her husband, the said John Walker Brewer.

"XV. Complainant states that the said John Walker Brewer is confined at the place as aforesaid, is about thirty-six years of age, and is an ex-soldier of the United States Army, being in service during the World War, and has been rated incompetent on examination by the United States Veterans' Bureau in accordance with the laws and regulations governing said bureau.

"The premises considered, your complainant prays:

"I. That subpoena to answer issue against the said resident defendants, requiring them and each of them to answer complainant's bill fully, but not on oath, the oath to the answer of each defendant is expressly waived.

"II. That J. M. Nixon, Regional Attorney for the United States Veterans' Bureau, be permitted to appear by petition for the said John Walker Brewer; or that an attachment issue and be levied upon the funds in the hands of the said James H. Brewer belong-

ing to the said John Walker Brewer, and the debt owing by Jas. H. Brewer to said John Walker Brewer and notes or choses in action in his hands belonging to John Walker Brewer, and that publication be made, if necessary, requiring him to appear and answer complainant's bill, but not on oath, the oath to his answer being also waived; and that a guardian ad litem be appointed by the court to appear and answer for the said John Walker Brewer, as a person of unsound mind.

"III. That the said James H. Brewer be required to exhibit with his answer a full and complete statement of what funds he has received into his hands for the said John Walker Brewer, showing the several dates and amounts received, together with a statement of what amounts he claims to have been properly expended in his behalf and dates of same; and that he also be required to file with his answer a full and complete inventory of all cash, notes, mortgages, stocks and bonds he now has on hand belonging to the said John Walker Brewer, giving amounts, dates, and persons owing same, and a statement of what effort he has made to collect same, and where such cash is kept or deposited. And that he now be required to file with the Clerk & Master of this court each note, mortgage, deed of trust, bond and certificate of stock, and to also deliver to said Clerk & Master all cash in his hands belonging to the said John Walker Brewer.

"IV. That the complainant, as the wife of the said John Walker Brewer, be decreed to be entitled to maintenance and support out of the funds and property belonging to her said husband, and that the said James H. Brewer be required to pay into court immediately such sums as the court may deem proper for her said support and for expenses and counsel fees, she being entirely without means, and wholly unable to maintain the prosecution of this suit without such aid.

"V. That complainant be allowed to surcharge and falsify each of the purported settlements made by the said James H. Brewer, as guardian of John Walker Brewer, with the county court clerk of Wayne County, Tennessee, and to show said errors, omissions and fraudulent charges, and to have each of said settlements opened generally, to the end that complainant may show by proof or otherwise, not only said errors and matters herein complained of, but any others she may hereafter discover.

"VI. That the master take and state an account between the said James H. Brewer and John Walker Brewer, showing therein fully and in detail, the various amounts justly chargeable to the defendant, James H. Brewer, and the various amounts he is justly entitled to credit for; that in taking said account, said false and fraudulent settlements with the said county court clerk be wholly disregarded, and for naught held, neither the complainant nor

John Walker Brewer having had any notice thereof, and that said settlements be made anew. That no compensation be allowed the defendant, and that he be charged with compound interest. ·

"VII. That the said James H. Brewer be required by the court to make a full, complete, and final settlement of the affairs and property of the said John Walker Brewer, and that he be required to pay into this court in cash for the benefit of your complainant and the said John Walker Brewer, the full amount justly due by him to the said John Walker Brewer. And that such amount be fixed and declared by the decree of this court.

"VIII. That the sureties on each of the bonds executed by James H. Brewer, as the guardian of the said John Walker Brewer, be held jointly and severally liable for the payment of such sum as may be decreed by the court to be due and payable by the said principal, James H. Brewer.

"IX. That the court fix and declare by its decree what amounts, if any, may be owing and payable by the said John Walker Brewer, and direct the payment of such claims that may be found just and proper to be made out of funds belonging to John Walker Brewer required by the court to be paid by James H. Brewer into the hands of the Clerk & Master of this court.

"X. That a general guardian be appointed by this court to receive and properly manage the funds and property belonging to the said John Walker Brewer, to the end that the same may be fully protected and preserved for the benefit of the said John Walker Brewer as well as your complainant, his wife; and that a guardian be appointed in conformity with Chapter 62, Public Acts of Tennessee for the year 1929, being the Uniform Veterans' Guardianship Act, and be vested with all the authority and imposed with all the duties given by said act.

"XI. That all necessary references may be had and all necessary orders and decrees may be made and enforced to fully effect the purposes of this bill."

"XIII. And complainant prays for such other, further, and general relief in the premises as the nature and circumstances of this case may entitle her to, and as to your honor, shall seem meet and proper.

"This is the first application for the writ of attachment in this cause."

That part of the second paragraph of the prayer of the bill, whereby complainant prays that the attachment sought be levied upon "the debt owing by James H. Brewer to said John Walker Brewer and any notes or choses in action in his hands belonging to the said John Walker Brewer," was not in the bill when originally filed, but was, by leave of the court, inserted by amendment, on November 13, 1930, and upon the latter date the chancellor granted

a fiat for an attachment as prayed in the bill, as amended, and thereafter an attachment was issued upon the execution and filing by complainant Gladys Brewer of the oath in lieu of bond for poor persons, which attachment was returned by the sheriff of Wayne county on November 17, 1930, as executed by service of "garnishment summons" on James H. Brewer.

On November 22, 1930, after the foregoing return of the attachment writ, an order was entered at rules, as follows:

"To John Walker Brewer,                                          No. 1626.
"In Chancery at Waynesboro, State of Tennessee,
"Office Clerk and Master Chancery Court, Waynesboro, Tenn.
"Gladys Brewer, Complainant, v. James H. Brewer et al., Defendants,

"It appearing from affidavit filed in this cause that the defendant John Walker Brewer, is a non-resident of the State of Tennessee; and it further appearing that an attachment has issued in this case, and has been returned levied upon the following property, viz.: All of the money, cash, notes, choses in action, and other effects in the hands of James H. Brewer belonging to said John Walker Brewer, and also the indebtedness of James H. Brewer to John Walker Brewer, and the amount due from James H. Brewer to John Walker Brewer, and all debts in any manner owing, by garnishment duly executed;

"It is therefore ordered that said defendant enter his appearance herein before the first Monday in January, next (1931), and plead, answer, or demur to complainant's bill, or the same will be taken for confessed as to him and set for hearing ex parte, and that a copy of this order be published for four consecutive weeks in the Wayne Countian, a newspaper published weekly at Waynesboro, Tenn.

"Nov. 22, 1930.

"C. L. Norman, Clerk and Master."

It may be noted here that it is stated in complainant's bill (to which complainant Gladys Brewer made oath) that John Walker Brewer is a citizen and resident of Wayne county, Tenn., but has been confined continuously in the Marion National Sanatorium, Marion, Ind., for treatment under the direction of the United States Veterans' Bureau, since September 28, 1925, to which place he was carried by his brother James H. Brewer, acting as guardian of the said John Walker Brewer, as stated in the bill, and, so far as the record discloses, this is the only "affidavit" to which the recital in the above-quoted order could refer.

It should also be observed that the recitals of the aforesaid order for publication are not fully supported, but are in part contradicted by the sheriff's return on the attachment, in which return the sheriff states that there was no money, cash, notes, or choses

in action belonging to John Walker Brewer upon which said writ of attachment could be levied.

The record shows that publication was made for John Walker Brewer pursuant to the aforesaid order of the clerk and master.

We have stated the record disclosures with respect to the attachment and the order of publication for John Walker Brewer under the original bill in some detail, for the reason that it was by this method that the chancery court sought, at the instance of complainant, to bring John Walker Brewer within its jurisdiction; and one of the vital and determinative questions here, as we view the case, is, whether or not the chancery court could, by this method, acquire jurisdiction of the person of John Walker Brewer for the purposes of this case. But a further statement of the record is proper before attempting to dispose of the question just mentioned.

On September 4, 1930 (before any of the defendants named had appeared), a petition, or "intervention," was filed in the cause, as follows:

"To the Honorable J. C. Hobbs, Judge of the 17th Judicial Circuit of Tennessee, while holding the chancery court at Waynesboro, for the county of Wayne:

"In re John Walker Brewer, Incompetent:

"Your Relator, J. M. Nixon, Regional Attorney, United States Veterans' Bureau, files this intervention in the nature of an amicus curiae to the Court at the instance of a petition filed and now pending in this court by Gladys Brewer v. James H. Brewer, et al., and will respectfully certify and advise the court as follows:

"I. That John Walker Brewer is a veteran of the World War and entitled to certain benefits provided by the Congress of the United States in what is known as the World War Veterans' Act.

"II. That John Walker Brewer has been upon a number of examinations made by physicians of the United States Veterans' Bureau and according to same in the opinion of the authorized and constituted authorities of the United States, the United States Veterans' Bureau Rating Board, he is incompetent and insane and a guardian is necessary to receive the benefits now due and payable, and to this effect, there is attached a formal and customary certification as provided by Chapter 62 of the Public Acts of the General Assembly of Tennessee of 1929, known as the Uniform Veterans' Guardianship Act.

"III. The court is further advised that the United States Veterans' Bureau has paid into the hands of James H. Brewer as guardian of the estate of John Walker Brewer various and sundry amounts of compensation and insurance benefits prior to the date of the filing of this cause, the total sum of $————.

"To the other allegations of the petition, your relator makes

no further answer or representation to the court at this time, but wishes to reserve the right to further appear in the interest of the ward, John Walker Brewer and the funds in question as may appear necessary and proper.

"J. M. Nixon,

"J. M. Nixon, Regional Attorney,
U. S. Veterans' Bureau, Nashville, Tennessee."

And by amendment on October 3, 1930, a certificate was exhibited with said petition as follows:

"Certificate of the directors of the United States Veterans' Bureau.

"This will certify that John Walker Brewer is a veteran of the World War and that said John Walker Brewer has been rated incompetent by the United States Veterans' Bureau on an examination in accordance with the provisions of the World War Veterans' Act, as amended, and regulations promulgated thereto and governing said bureau, and that the appointment of a guardian is a condition precedent to the payment of any monies due said John Walker Brewer by the United States Veterans' Bureau.

"A surety bond of $15,000 will be sufficient to cover the benefits payable by the Bureau alone, but if personal bond is made it should be in double this amount.

"This certificate is issued pursuant to the provisions of Chapter 62, Public Acts of General Assembly, 1929, State of Tennessee.

"Dated this 2nd day of October, 1930.

"J. M. Nixon, Regional Attorney
Nashville, Tennessee.

"Regional Office, United States
Veterans' Bureau
Nashville, Tennessee.
(City) (State)"

There was also exhibited with said petition, as amended, an abstract of the "pay records" of the United States Veterans' Bureau, certified by the assistant director thereof, which purported to show "the total amount of insurance and compensation payments made to James H. Brewer, legal guardian of John Walker Brewer, covering a period from March 14, 1919, to June 30, 1929, totaling $7,039.11 insurance, and $6,835.98 compensation."

Subsequent to the filing of said "intervention," etc., by J. M. Nixon, regional attorney, as aforesaid, and prior to November 13, 1930, demurrers to the original bill were filed by James H. Brewer, Lon W. Brewer, and United States Fidelity & Guaranty Company, which demurrers were overruled by the chancellor, and thereafter James H. Brewer and the United States Fidelity & Guaranty Com-

pany filed separate answers denying the right of complainant to any of the relief sought by her bill.

On November 13, 1930, at the regular November term of the chancery court of Wayne county, an order was made and entered as follows:

. "This cause came on to be heard upon the motion of the complainant, Gladys Brewer, for the appointment of a guardian for her husband, John Walker Brewer, as provided by chapter 62 of the Acts of Tennessee of the year 1929, being the Uniform Veterans' Guardianship Act; and the court having heard the original bill, the answer of the defendants James H. Brewer and the United States Fidelity & Guaranty Company, the petition and certificate of the Honorable J. M. Nixon, Regional Attorney of the United States Veterans' Bureau showing that the said John Walker Brewer has been rated by said Bureau as incompetent, and that the appointment of a guardian is a condition precedent to the payment of any monies due the said John Walker Brewer by the Bureau;

"Upon consideration of all of which the court is pleased to allow said motion; and it appearing to the court that C. L. Norman is a fit and proper person to be appointed guardian for the said John Walker Brewer, it is ordered and decreed by the court that the said C. L. Norman be and is hereby appointed as the guardian of the said John Walker Brewer, clothed with all of the authority and power conferred upon him as such guardian by the said Uniform Veterans' Guardianship Act; and further that before taking up his duties as such guardian he shall file in this court a good and solvent bond, approved by the said J. M. Nixon, Regional Attorney, conditioned as required by law, and in such penalty as may be fixed by the said United States Veterans' Bureau, not to exceed fifteen thousand dollars. And upon the filing of such bond, he will also take the oath as guardian, as the law directs, which oath shall be filed in this court with the bond."

The record shows that defendants James H. Brewer and United States Fidelity & Guaranty Company excepted to the action of the court in appointing a guardian as aforesaid.

On December 26, 1930, C. L. Norman filed in the cause a bond as guardian of John Walker Brewer, in the penalty of $12,000, with the National Union Indemnity Company as surety thereon.

On January 5, 1931, an order was entered at rules as follows:

"In this cause, upon motion of solicitor for the complainant for the appointment of a guardian ad litem for the defendant, John Walker Brewer, as a person of unsound mind. And it duly appearing to the undersigned that the said John Walker Brewer has been regularly brought into court by publication duly made after service of an attachment upon the defendant James H. Brewer, by garnishment, the motion is allowed, and D. D. Humphreys, Jr., a

member of the local bar is appointed as the guardian an litem of the said John Walker Brewer in this cause.

"And the said D. D. Humphreys, Jr., appeared before the undersigned and accepted said appointment, and filed his answer as such guardian ad litem.

"Done at Rules, this the First Monday in January, 1931, being January 5, 1931.

"C. L. Norman, Clerk & Master."

On the day the order last above quoted was entered at rules, D. D. Humphreys, acting as guardian ad litem under said order, filed an answer reiterating, in large measure, the allegations of the original bill, and filed said answer as a cross-bill against James H. Brewer, seeking a discovery with respect to the property and assets of John Walker Brewer in, and/or which should be in, the possession of said James H. Brewer.

On January 31, 1931, James H. Brewer moved to strike said cross-bill of D. D. Humphreys, guardian ad litem, from the files, and also demurred thereto, but said motion and demurrer were subsequently overruled, and on June 15, 1931, said cross-bill was, by order of the court, taken for confessed against defendant James H. Brewer, but no response was at any time made by James H. Brewer to the prayer of said cross-bill for a discovery.

We have heretofore mentioned the fact that defendant James H. Brewer filed a separate answer to the original bill. This answer was filed on November 8, 1930, and defendant James H. Brewer sought to file same as a cross-bill against Gladys Brewer and John Walker Brewer, and also as a bill of review in said cause No. 1376 on the rule docket of the chancery court of Wayne county mentioned in that part of complainant's bill hereinbefore quoted.

Pursuant to the prayer of said cross-bill, publication was made in a newspaper published in Wayne county, by John Walker Brewer, as a nonresident. Gladys Brewer demurred to said cross-bill and bill of review of James H. Brewer, and said demurrer was sustained and the pleading was dismissed, both as a cross-bill and as a bill of review, on May 16, 1931.

On April 9, 1931, defendants J. B. Garner and Pride Tomlinson filed an answer to the original bill, in which answer they stated that they were advised that it is unnecessary for them to answer with reference to any of the allegations of the bill other than those which throw light upon their claim for compensation from the funds of John Walker Brewer for professional services rendered as alleged in the bill. They said that the complainant's bill correctly sets forth the pleadings, proceedings had, and decrees in the cause of James H. Brewer, guardian, et al., v. Gladys Griggs, alias Gladys Brewer, et al., No 1376, Wayne county equity; and then, after recounting in detail the services rendered by them in

said cause No. 1376, defendants Garner and Tomlinson conclude their answer as follows:

"For the services rendered, as above set out, the said Garner and Tomlinson have not received one cent compensation. They believe and so allege that the sum of two thousand ($2,000) dollars is a minimum reasonable compensation for the services performed by them, including funds expended by them in the proper defense of the case, which, as heretofore stated, amounts to several hundred dollars, and they respectfully ask that this sum be decreed to them out of the funds belonging to John Walker Brewer and be paid to them under the orders of this court in this cause.

"And now having fully answered in so far as they are advised it is necessary for them to answer, defendants pray to be hence dismissed with the decree for said sum, as above set out, and with their reasonable costs."

On May 4, 1931, the original bill was taken for confessed, on motion of complainant at rules, against defendants Carrie E. Brewer. F. B. Hurst, W. T. Harlow, S. M. Brewer, E. L. Clayton, John Daniel, Lon W. Brewer, and Arthur C. Brewer.

On June 15, 1931, C. L. Norman, as guardian of John Walker Brewer, was granted leave by the court, over the objection of defendants James H. Brewer and United States Fidelity & Guaranty Company, to file a petition in the cause and become a "party-complainant to the bill."

Thereupon, the defendant United States Fidelity & Guaranty Company, by leave of the court, amended its answer so as to add, at the conclusion thereof, a paragraph as follows:

"This defendant for further answer says that, since the filing of its original answer in this cause, the United States Veterans' Bureau has paid, under the authority of the Act of Congress to the complainant, Gladys Brewer, a sum in excess of twenty-five hundred dollars, which sum, under the express terms and provisions of the World War Veterans' Act of Congress, as amended, was paid to her for the express purpose of taking care of her separate maintenance and support, as the wife of the said John Walker Brewer, and the complainant. Gladys Brewer, is not entitled to any portion of the fund paid, or alleged to have been paid to the defendant, James H. Brewer, that fund not being chargeable with any amount for such maintenance or support."

Pursuant to the leave granted as aforesaid, the petition of C. L. Norman, guardian, etc., was filed on June 16, 1931, in which it is stated, among other things, that, at the regular November, 1930, term of the chancery court at Waynesboro, Tenn., and in this cause, petitioner was appointed, and has since duly qualified as the guardian of John Walker Brewer, under the provisions of the Uniform Veterans' Guardianship Act, being chapter 62 of the Public Acts

of 1929, of the General Assembly of Tennessee, and petitioner is vested with all of the power and authority conferred upon him as such guardian by said act; that petitioner is advised that under the aforesaid Act of Assembly, he has the right to demand and receive from the said James H. Brewer, and the sureties on his several guardian bonds, the amount of funds and property in the hands of the said James H. Brewer, or justly owing by him to his ward, the said John Walker Brewer, to the end that the property of the said John Walker Brewer may be handled and managed in a manner that will result in his benefit, and as his best interests may appear, and under the orders of the court, and for this purpose the petition is filed and the petitioner seeks leave of the court to become a party-complainant in the cause.

Upon the record as thus made up, and without proof other than the exhibits to the original bill and the exhibits to the petition of J. M. Nixon, regional attorney, a decree was made and entered on September 7, 1931, as follows:

"In this cause it appearing to the Court that the defendant, James H. Brewer, has wholly failed to make defense to the cross-bill of D. D. Humphreys, Jr., guardian ad litem for John Walker Brewer, within the time allowed by the former order of the court, it is ordered by the court that said cross-bill be taken for confessed, as to said cross-defendant, and the cause set for hearing upon the same ex parte.

"Thereupon the cause came on to be further and finally heard on this the 7th day of September, 1931, before the Hon. J. C. Hobbs, judge of the Seventeenth Judicial Circuit of Tennessee, appointed by statute to hold the Chancery Court for the County of Wayne, upon the original bill and the several exhibits, thereto, the answers of the defendants on file, the answer and cross-bill of D. D. Humphreys, Jr., guardian ad litem for John Walker Brewer, and the pro confesso thereto heretofore entered against the cross-defendant, James H. Brewer, the pro confessos to the original bill heretofore entered against the defendants Carrie E. Brewer, S. M. Brewer, A. C. Brewer, E. L. Clayton, W. T. Harlow, F. B. Hurst and John Daniel; the petitions of J. M. Nixon, Regional Attorney of the United States Veterans' Bureau, on file in the cause; the petition of C. L. Norman, guardian of John Walker Brewer; and upon the entire record in the cause, from all of which the court finds and decrees:

"That the complainant, Gladys Brewer, is the lawful wife of the defendant, John Walker Brewer, an ex-soldier of the United States Army, and a ward of the U. S. Veterans' Hospital at Marion, Indiana, and that she, as such wife and having a beneficial interest in the personal estate of her said husband, John Walker Brewer, is entitled to maintain her original bill filed in this cause seeking

the appointment of a guardian for the said John Walker Brewer, to compel an accounting and settlement by the defendant, James H. Brewer, of the affairs and estate of the said John Walker Brewer, and seeking the aid of this court in protecting and preserving the personal estate of her said husband for the benefit of herself and husband;

"That the complainant, C. L. Norman, guardian of John Walker Brewer, was regularly appointed and qualified as such guardian in this cause under the authority of chapter 62, Public Acts of the General Assembly of Tennessee, 1929, and as such guardian is clothed with all the power and authority by such Act conferred, and that he, as such guardian, is also entitled to maintain this bill, to which he became a party-complainant by leave of the court;

"That the said C. L. Norman, as such guardian of John Walker Brewer, is entitled to demand and to receive into his hands all the personal property and effects of his said ward, and to account for same under the direction of this court and in this cause, and to collect such amounts and sums that may be found to be due and owing to his said ward;

"That on August 22, 1922, the defendant, James H. Brewer, attempted to have himself appointed as the guardian of John Walker Brewer by the County Court of Wayne County, Tennessee, and on same date entered into bond as such guardian in the penal sum of two thousand dollars ($2,000), with the defendants Carrie E. Brewer and S. M. Brewer as his sureties thereon, such bond being conditioned that the said James H. Brewer should well and truly perform the duties which are or may be required of him by law as such guardian, which said guardian's bond was accepted and approved by the county judge of said County of Wayne, and at the same time letters of guardianship were issued by such court to and accepted by the said James H. Brewer, as fully appears in Exhibit No. 2 to the original bill in this cause;

"That on August 25, 1924, the said James H. Brewer while still acting as the guardian of John Walker Brewer, under said purported appointment, renewed his bond as such guardian in the penal sum of fifteen thousand dollars ($15,000), with the defendants Carrie E. Brewer, S. M. Brewer, A. C. Brewer, E. L. Clayton, F. B. Hurst, W. T. Harlow, Lon W. Brewer and John Daniel as his sureties upon such guardian's bond, the same being conditioned that the said James H. Brewer should well and truly perform the duties which are or may be required of him by law as the guardian of John Walker Brewer, which said guardian's bond was likewise regularly accepted and approved by the county judge of Wayne County, Tennessee, and is on file in the office of the county clerk of said County of Wayne, as is fully shown in Exhibit No. 2 to the original bill in this cause;

"That on January 26, 1926, the said James H. Brewer, while still acting as the guardian of John Walker Brewer under said purported appointment by the County Court of Wayne County, Tennessee, again renewed his bond as such guardian in the penal sum of twelve thousand dollars ($12,000), with the defendant, the United States Fidelity and Guaranty Company, as his surety thereon, conditioned that the said James H. Brewer should well and truly perform the duties which are or may be required of him by law as the guardian of the said John Walker Brewer, which said guardian's bond was likewise accepted and approved by the county judge of Wayne County, Tennessee, and is now on file in the office of the county court clerk of said County of Wayne, as is fully shown in Exhibit No. 2 to the original bill in this cause;

"That by reason of the alleged appointment, the issuance of the letters of guardianship to the said James H. Brewer as the guardian of John Walker Brewer, and by the execution and acceptance of each of the several said bonds as such guardian, the said James H. Brewer while acting as the guardian of the said John Walker Brewer, received into his hands certain checks, vouchers, monies, and payments issued and made by the United States Veterans' Bureau upon the Treasury of the United States for the benefit and use of the said John Walker Brewer, and from time to time made statements of his account with his said ward to the county court of said County of Wayne, State of Tennessee, as is fully shown and set forth in Exhibit No. 2 to the original bill in this cause. such funds, monies, and property being the only estate of the said John Walker Brewer, real or personal, which the said James H. Brewer while acting as his said guardian could or should have received into his hands.

"That the said James H. Brewer, while acting as the guardian of the said John Walker Brewer, under said purported appointment by the County Court of Wayne County, in violation of the statutes in such cases made and provided, failed and refused to state his accounts with his said ward in detail, and file itemized statements properly verified of many of the disbursements alleged by him to have been made, and failed to exhibit with his biennial statements of his account an inventory of the property. assets and effects of his said ward in his hands, and failed to biennially renew his bond as such guardian, and to keep the funds of his ward loaned upon such approved security as is recognized by law in such cases as safe, proper, and adequate securities; and did grossly misconduct and mismanage the affairs and estate of his said ward; and that such misconduct and mismanagement on the part of the said James H. Brewer amounts to and is a conversion by him of the property, funds, and effects of the said John Walker Brewer;

"That by reason of the failure of the said James H. Brewer to

comply with the statutes regulating the appointment of guardians by the county courts of this state, and especially in failing and omitting to file a proper petition in the County Court of Wayne County, Tennessee, the place of residence of the said John Walker Brewer, and in failing to have process and copy of the petition served upon the person of the said John Walker Brewer and a guardian ad litem appointed to represent him in such proceedings, the appointment of the said James H. Brewer as the guardian of John Walker Brewer was null and void but that having accepted and acted upon such purported appointment, and having accepted and received letters of guardianship in the cause, and having executed his three several bonds as such guardian, and having received into his hands certain monies, property, and effects belonging to the said John Walker Brewer, by reason of such purported appointment, letters of guardianship, and guardian's bonds, the said James H. Brewer became and constituted himself, for all intents and purposes, the guardian of the said John Walker Brewer, and he and the several sureties on his three several guardian's bonds, became liable for all funds, monies, property and effects to the said John Walker Brewer, and they and each of them became and are subject to the same pains and penalties imposed by law upon guardians regularly appointed by such county courts.

"And the court further finds and decrees that the several statements and accounts of the said James H. Brewer, while acting as the guardian of the said John Walker Brewer, under his said purported appointment by the County Court of Wayne County, made and filed in the office of the County Court of said County of Wayne and State of Tennessee, as are fully set forth and shown in Exhibit No. 2 to the original bill in this cause, should be and are reopened, surcharged and falsified. it duly appearing to the court from the record in this cause that certain of the items set out therein are improper credits upon said purported settlements and should not be charged against the funds and estate of the said John Walker Brewer, and were never proper or legal charges against the funds, property or estate of the said John Walker Brewer, and that the amount of nine thousand eight hundred sixty-six and 48/100 dollars ($9,866.48), stated by the said James H. Brewer in his statement of August 24, 1928, in the County Court of Wayne County, Tennessee, the last statement made and filed by him while acting as the guardian of the said John Walker Brewer, to be due and owing by him to John Walker Brewer, does not represent and is not the true amount so owing, but that said amount should be increased by and with the following items, with interest on each of same to said date of August 24, 1928, to-wit" then follows a detailed statement in the decree of the "items" last mentioned

above, covering approximately seven pages of the transcript, after which the decree continues and concludes as follows:

"Which said several items hereinabove set forth, together with interest to August 24, 1928, all amounting to the sum of three thousand four hundred twenty-six and 28/100 dollars ($3426.28), the court finds to be improper charges against the estate and funds of the said John Walker Brewer and finds the same to be proper charges against the said James H. Brewer, acting as the guardian of the said John Walker Brewer, and should be and are added to the said sum of nine thousand eight hundred sixty-six and 48/100 dollars ($9,866.48), admitted by the said James H. Brewer to be due and owing to the said John Walker Brewer by him on said date, as shown by the statement then made, and as shown on page 64 of Exhibit No. 2 to the original bill, making the total sum due and owing on said date of August 24, 1928, by the said James H. Brewer to John Walker Brewer, to be thirteen thousand two hundred ninety-two and 76/100 dollars ($13,292.76); and further that said sum shall draw interest at the rate of six per-centum from said date to the date of this decree, in amount $2421.57, making the total sum of these items fifteen thousand seven hundred fourteen and 33/100 dollars ($15,714.33).

"And it further appearing to the court from the record in the cause, that after the date of the last statement by the said James H. Brewer to the County Court of Wayne County, Tennessee, showing the status of his account with the said John Walker Brewer, on August 24, 1928, the said James H. Brewer received other checks, vouchers and funds from the United States Veterans' Bureau for the use and benefit of the said John Walker Brewer, as shown in the petition of J. M. Nixon, Regional Attorney for said United States Veterans' Bureau, for which amounts the said James H. Brewer has not accounted in any statement of settlement, as follows:

Ten vouchers of $57.50 each, received September, 1928, to June 13, 1929, ................................... $575.00
Interest on same to Sept. 7, 1931, ...................... 90.68
One voucher received Nov. 17, 1928 ................... 170.00
Interest on same to Sept. 7, 1931, ..................... 28.66
Three vouchers, $20.00 each, received April 1, 1929, to June 30, 1929, ................................... 60.00
Interest on same to Sept. 7, 1931, ..................... 8.40

"Which said sums with interest to the date of this decree amount to the total of nine hundred thirty-two and 74/100 dollars ($932.74), and which, together with the total sum owing on said date of August 24, 1928, ($13,292.76), together with interest on same to the date of this decree ($2421.57), making the total sum of $16,-

647.07, is now due and owing by the said James H. Brewer to the said John Walker Brewer.

"All of which the Court doth so adjudge and decree.

"It is, therefore, adjudged and decreed by the court that on this date, September 7, 1931, there is due and owing by the said James H. Brewer, the acting guardian of John Walker Brewer; and for which he has in nowise accounted, the total sum of sixteen thousand six hundred forty-seven and 7/100 dollars ($16,647.07), and that the said James H. Brewer, as principal, and the several sureties on the several guardian's bonds executed by the said James H. Brewer while acting as the guardian of the said John Walker Brewer, are liable for such sum in the inverse order of the execution of such guardian's bonds according to the terms of the several bonds.

"It is further adjudged and decreed by the court that the complainants have and recover of the defendant, James H. Brewer, principal, and of the defendant, the United States Fidelity & Guaranty Company, surety on the last guardian bond executed by James H. Brewer, primarily, and of the defendants, Carrie E. Brewer, S. M. Brewer, A. C. Brewer, Lon W. Brewer, F. B. Hurst, E. L. Clayton, W. T. Harlow and John Daniel, sureties on the second guardian bond executed by the said James H. Brewer as the guardian of John Walker Brewer, secondarily, the sum of twelve thousand dollars ($12,000), and all the costs of the cause, for all of which execution will issue against the parties in the order named.

"And it is further adjudged and decreed by the court that the complainants have and recover of the defendants, James H. Brewer, principal, and the said defendants, Carrie E. Brewer, S. M. Brewer, A. C. Brewer, Lon W. Brewer, F. B. Hurst, E. L. Clayton, W. T. Harlow, and John Daniel, sureties on the second guardian bond executed by the said James H. Brewer while acting as the guardian of John Walker Brewer, the further sum of four thousand six hundred forty-seven and 7/100 dollars ($4,647.07), together with all proper and legal costs for the collection of the same, for which execution will issue.

"And, upon motion of C. L. Boyd, counsel of record for the complainants, a lien is declared upon said judgments and recovery for his reasonable fees for his services rendered in this cause.

"It is further ordered by the court that when said sums are paid, the same shall be held in court until the said C. L. Norman, guardian of John Walker Brewer, shall execute a good and solvent bond as such guardian, conditioned as required by law, in such sum as will fully cover such amounts and such other funds as he may then have in his hands belonging to John Walker Brewer, such bond to be approved by the court; and the payment of any amounts

out of such funds when collected, other than the costs of this cause, shall be made only upon the order of the court.

"And it further appearing to the court from the record in this cause that the claim of J. B. Garner and Pride Tomlinson for services heretofore rendered in behalf of the said John Walker Brewer, in the cause of Brewer v. Griggs, et al., No. 1376, on the docket of the Chancery Court of Waynesboro, Tennessee, has not been paid, or the amount due fixed or determined, and that C. L. Boyd, counsel for complainants in this cause, and D. D. Humphreys, Jr., guardian ad litem for John Walker Brewer in this cause, are entitled to reasonable compensation for their services, but it not fully appearing to the court from the record what the value of such services should be, and what compensation would be just and proper, upon motion of complainants, it is ordered by the court that the Clerk & Master take proof as soon as practicable and report to the next term of this court as follows:

"I. What amount is justly due to J. B. Garner and Pride Tomlinson, attorneys, for their services rendered in the cause of Brewer v. Griggs, et al., No. 1376 in the Chancery Court at Waynesboro, Tennessee, and for their services in the Court of Appeals and in the Supreme Court at Nashville, in said cause, together with their reasonable and proper expense incurred pending such cause.

"II. What would be reasonable compensation to C. L. Boyd, attorney, for services rendered by him in this cause in the Chancery Court at Waynesboro, Tennessee, as counsel for the complainants, including proper and reasonable expenses incurred by him?

"III. What would be reasonable compensation to D. D. Humphreys, Jr., for services rendered by him in this cause as the guardian ad litem for John Walker Brewer?

"And until the coming in of such report, all questions as to what amounts shall be fixed, approved, and paid, are reserved by the court.

"To the action of the court and its decree fixing and allowing any compensation to James H. Brewer while acting as the guardian of John Walker Brewer, and in failing and refusing to disallow all compensation claimed by the said James H. Brewer as such guardian, on account of the null and void appointment as such guardian by the County Court of Wayne County, Tennessee, and on account of his gross misconduct and mismanagement of the affairs, funds and estate of John Walker Brewer, and on account of his failure to comply with the statutory requirements regulating guardianships, the complainants except, and pray an appeal to the next term of the Court of Appeals at Nashville, Tennessee, which appeal is allowed by the court upon condition that the complainants execute and file their appeal bond in the sum of $500, condi-

tioned as required by law, within thirty day from this date, September 7, 1931.

"To all of the foregoing decree and to the action of the court in every respect therein set out, the defendants, James H. Brewer and the United States Fidelity & Guaranty Company, each severally, except and pray an appeal to the next term of the Court of Appeals at Nashville, Tennessee, which is granted upon condition that the said James H. Brewer execute and file within 30 days of this date his appeal bond conditioned as required by law in the penalty of twenty thousand dollars ($20,000), or files the oath provided by law for poor persons in lieu thereof. The United States Fidelity & Guaranty Company will execute a bond in the penalty of fifteen thousand dollars ($15,000) conditioned as required by law.

"It is ordered by the court upon stipulation of counsel for all parties hereto, that the record in cause No. 1376 on the docket of this court, being the cause styled 'James H. Brewer, Gdn., v. Gladys Griggs, alias Gladys Brewer,' read as evidence upon the hearing of this cause, be and is made a part of the record in this cause and it is further ordered by the court that upon appeal in this cause the transcript of said cause No. 1376 above referred to, now on file in the office of the Supreme Court Clerk at Nashville, shall be and become a part of the transcript upon the appeal of this cause, and the Clerk & Master need not copy the same into the transcript in this cause."

It is seen that the "complainants" and the defendants James H. Brewer and United States Fidelity & Guaranty Company appealed to this court; but neither complainant Gladys Brewer "for her own use," nor defendant James H. Brewer perfected an appeal.

"Gladys Brewer, as next friend of John Walker Brewer, and C. L. Norman, guardian of John Walker Brewer," filed an appeal bond in the sum of $500, and the defendant United States Fidelity & Guaranty Company filed an appeal bond in the sum of $15,000.

The "complainants" assign error upon the action of the chancellor in failing and refusing to disallow all compensation claimed by James H. Brewer for his services while acting as guardian for John Walker Brewer.

Stated in the order of their assignment, but in somewhat abbreviated form, the assignments of error filed by the United States Fidelity & Guaranty Company are as follows:

1. The chancellor's decree is erroneous for the reason that the record, including complainant's bill, shows that John Walker Brewer was sane at the date of his marriage to complainant, and there is no evidence that his mental status has changed since said date, to-wit, September 24. 1925. and the presumption. in the absence of proof, is that John Walker Brewer is still sane and capable of suing in his own right.

2. The decree is erroneous because the complainants Gladys Brewer and C. L. Norman, guardian, are not jointly interested in the recovery sought.

3. The decree in favor of complainant Gladys Brewer is erroneous because (a) her interests are antagonistic to the interests of John Walker Brewer, and she is therefore incapable of acting as his next friend in this suit, and (b) she could not make John Walker Brewer a party defendant by publication upon the alleged levy of attachment as shown in the record.

4. The chancellor erred in so far as the decree purports to render judgment against the appellant United States Fidelity & Guaranty Company upon the bond of James H. Brewer in favor of C. L. Norman, guardian, for the following reasons:

(a) The appointment of C. L. Norman as guardian of John Walker Brewer is void because the chancery court, nor the county court of Wayne county had jurisdiction of the person of John Walker Brewer so as to authorize the appointment of said C. L. Norman as guardian in this cause, the said John Walker Brewer being in the state of Indiana, both at the date of the filing of the bill and at and since the date of the attempted appointment of said Norman as guardian.

(b) Because no notice of the application for the appointment of said Norman was given to said John Walker Brewer as provided by section 7, chapter 62, of the Public Acts of Tennessee for the year of 1929.

(c) Because C. L. Norman, as guardian, under the Uniform Veterans' Guardianship Act has no authority to maintain a suit, the purpose of which is to surcharge and falsify the accounts of the former guardian.

5. The original complainant, Gladys Brewer, had no rights which she could assert against appellant United States Fidelity & Guaranty Company, and it was, therefore, error to permit C. L. Norman, guardian, to become a party complainant and to render judgment in his favor as a complainant.

6. (The sixth assignment is substantially a repetition of preceding assignments and may be omitted.)

7. The court erred in granting relief under the bill surcharging and falsifying the accounts of James H. Brewer, guardian, because the settlements of James H. Brewer, regularly made in the county court, are, under the law, prima facie correct, and, in the absence of proof of their falsity, are conclusive upon a court of chancery undertaking to surcharge and falsify the same.

8. The court erred in surcharging and falsifying the accounts of James H. Brewer in the several items set out in the decree, without any evidence to warrant such finding and without a reference.

9. The chancellor erred in pronouncing a decree against appel-

lant United States Fidelity & Guaranty Company upon the bond of James H. Brewer, because complainant alleges in her bill and the chancellor holds in his decree that the appointment of James H. Brewer as guardian was absolutely void, and (appellant says that) his bonds were likewise void.

10. Complainant Gladys Brewer is estopped by her position taken in her answer in said cause No. 1376 in the chancery court of Wayne county from procuring the appointment of a guardian upon a certificate of the United States Veterans' Bureau showing a rating of incompetency in March, 1919, for the reason that in said cause No. 1376 she insisted that John Walker Brewer was sane in September, 1925.

11. The court erred in finding that James H. Brewer as guardian had received and failed to account for the sum of $932.74, with interest thereon, and in including said sum with interest in the judgment, because there is no proof in the record that such sum was ever received by James H. Brewer, the finding of the chancellor being based upon the statement attached to the petition of J. M. Nixon, regional attorney, which is not evidence of such payments.

12. The decree was erroneous because the bill in this case is multifarious, and the chancellor erred in overruling defendant's demurrer upon this ground, the bill combining several and distinct causes of action against several and distinct defendants who are in nowise connected, in that the bill seeks (a) an individual recovery in favor of complainant, (b) the appointment of both a regular and special guardian for John Walker Brewer, (c) to surcharge and falsify the accounts of James H. Brewer, guardian and judgment on his bonds as such, (d) to determine the amount due J. B. Garner and Pride Tomlinson under a contract made with John Walker Brewer in an independent transaction, and (e) the bill as amended makes C. L. Norman, guardian, a complainant, and seeks a recovery in his name in favor of his ward who is a defendant to the original bill.

As we see this case, the decision of a few questions arising on the record and presented by the assignments of error will control its determination, and, without discussing the assignments of error seriatim, we will now dispose of the determinative questions to which we have just referred.

1. There is no merit in the proposition that, because the appointment of James H. Brewer as guardian of John Walker Brewer was void, the bond executed by appellant United States Fidelity & Guaranty Company as surety for James H. Brewer as such guardian was and is likewise void, and is unenforceable against said appellant.

It was provided by Shannon's Code, section 1094, that "whenever

any officer, required by law to give an official bond, acts under a bond which is not in the penalty, payable or conditioned as prescribed by law, or is otherwise defective, such bond is not void, but stands in the place of the official bond, subject, on its condition being broken, to all the remedies which the person aggrieved might have maintained on the official bond of such officer, executed, approved, and filed according to law."

And by the next section (1095) it was provided that "if any officer or other person as hereinafter provided, who is required by law or in the course of judicial proceedings to give bond for the performance of an act or the discharge of duty, receives money or property upon the faith of such bond, he and his sureties are estopped to deny the validity of the bond or the legality of the proceedings under which the money or property was obtained."

And by section 1097, the provisions of sections 1094 and 1095 are applied to "the bonds of executors, administrators, guardians, special commissioners, receivers, and others required by law or in the course of judicial proceedings to execute bonds for the performance of particular acts or the discharge of duty."

The above-quoted sections of Shannon's Code (which constituted sections 773, 774, and 776 of the Code of 1858) are declaratory of the common-law principle that when money has been received on the faith of the bond, the obligors are estopped to deny their liability thereon. Patterson v. Tate, 141 Tenn., 607, 613, 614, 213 S. W., 981, and other cases there cited.

2. Gladys Brewer cannot maintain her bill in this case, in so far as she is seeking thereby to recover, "for her own use as the wife of John Walker Brewer," sums received by James H. Brewer from the United States government as veteran's compensation and war risk insurance awarded to John Walker Brewer pursuant to the Acts of Congress. She is suing for support and maintenance for herself, and for that purpose is seeking to subject a fund which is exempt from attachment, levy, or seizure under any legal or equitable process in any proceeding adverse to John Walker Brewer.

The Act of Congress of May 19, 1924, styled "World War Adjusted Compensation Act" (38 U. S. C. A., section 591, et seq.), provides (in chapter 157, section 308) that "no sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate, shall be subject to attachment, levy, or seizure under any legal or equitable process." See U. S. Code, 1926, title 38. section 618, page 1231 (38 U. S. C. A., section 618).

And the Act of Congress of June 7, 1924, styled "World War Veterans' Act, 1924," provides (in chapter 320, section 22) that

"the compensation, insurance, and maintenance and support allowance . . . shall not be assignable;" and "shall not be subject to the claims of creditors of any persons to whom an award is made." See U. S. Code, 1926, title 38, section 454, page 1219 (38 U. S. C. A., section 454).

█ Property or funds not assignable are not subject to seizure under legal process. Pritchett-Thomas Co. v. Pennebaker, 10 Tenn. App., 425, 437.

█ 3. In the present bill, Gladys Brewer attempts to sue as next friend of John Walker Brewer, and in the same bill asserts, and seeks to recover upon, a claim "for her own use" antagonistic to said John Walker Brewer. It is contrary to settled rules of courts of equity to permit one who has an interest antagonistic to a person under disability to maintain a suit as next friend of such person. Simpson v. Alexander, 6 Cold., 619; Gibson's Suits in Chancery (3 Ed.), section 103; Dan. Ch. Prac. (5 Ed.), volume 1, page 72 (star pages 75 and 76).

█ 4. In the bill in this case, Gladys Brewer as next friend of John Walker Brewer (the latter being described as a person of unsound mind) is a complainant, and said John Walker Brewer is named as a defendant to the same suit. and it is sought to bring him before the court by attachment of his property and publication for him as a nonresident. That is to say, on the face of the bill John Walker Brewer is attempting to sue himself. In that respect, the bill is unknown to the forms of law and/or equity, and cannot be maintained.

█ 5. The Tennessee "Uniform Veterans' Guardianship Act" (chapter 62 of the Public Acts of 1929) provides "that a petition for the appointment of a guardian may be filed in any court of competent jurisdiction by or on behalf of any person who under existing law is entitled to priority of appointment." Section 4.

The complainant's bill in the instant case contains a specific prayer "that a guardian be appointed in conformity with chapter 62, Public Acts of Tennessee for the year 1929, being the Uniform Veterans' Guardianship Act, and be vested with all the authority and imposed with all the duties given by said Act;" and complainant Gladys Brewer, by statements in her bill, waived any priority of appointment which she might have.

We see no reason why the original bill in this case could not be treated as a petition for the appointment of a guardian for John Walker Brewer as a mentally incompetent veteran, under the authority of the aforesaid Uniform Veterans' Guardianship Act. The chancery court of Wayne county was and is a "court of competent jurisdiction" for that purpose (see Shannon's Code, section 5451 and section 5461 et seq.), and the record shows that in ordering the appointment of C. L. Norman as such guardian the chancery court

assumed to act under the authority of the aforesaid Uniform Veterans' Guardianship Act and pursuant to the original bill, as well as the petition of J. M. Nixon, regional attorney, etc., with the exhibits thereto.

We do not agree with the contention of appellant United States Fidelity & Guaranty Company that a guardian appointed under the authority of the Uniform Veterans' Guardianship Act has no right to maintain a suit for the purpose of surcharging and falsifying the accounts of a former guardian. Ordinarily, it is the duty of a succeeding guardian to call his predecessor in office to account, and, if necessary, sue him and his bondsmen (this, we think, is inferable from Shannon's Code, section 4273, and Smith v. Alexander, 4 Sneed, 482, and Crook v. Hudson, 4 Lea, 448, 449); and we do not find that the Public Acts of 1929, chapter 62, either expressly or by necessary implication, prescribes a different rule. Manifestly, the act contemplates that a guardian appointed thereunder shall have the right to collect sums due the ward from a former guardian, for it is provided (in section 11) that "no compensation shall be allowed on the corpus of an estate received from a preceding guardian."

But, as we have seen, appellant United States Fidelity & Guaranty Company contends, through its assignments of error, that the appointment of C. L. Norman as guardian of John Walker Brewer was and is void because no notice of the application for the appointment of a guardian was given of said John Walker Brewer as required by section 7 of chapter 62, Pub. Acts 1929, and, therefore, the chancery court was without jurisdiction to make such appointment.

Said section 7, supra, provides that "upon the filing of a petition for the appointment of a guardian, under the provisions of this Act, the court shall cause such notice to be given as provided by law."

As the act in question was enacted by the General Assembly of the state of Tennessee, we assume that the reference to the notice "provided by law" means, of course, the notice provided by the laws of Tennessee, as the act itself does not otherwise describe the character of notice to be given.

It may be observed, in passing, that by section 3 of chapter 139, Pub. Acts 1925 (a veterans' guardianship act), it was provided "that it shall not be necessary to cite the person for whom the guardian is sought, no jury need be summoned and there shall be no pronouncement of insanity in the case." It is seen that section 7 of the act of 1929 is directly contrary to, and was doubtless intended to repeal, said section 3 of the act of 1925, and to restore the law as it existed prior to said act of 1925.

Chancery courts in this state acquire their jurisdiction over the

persons and estates of idiots, lunatics, and other persons of unsound mind through the statutes alone; they have no general jurisdiction upon that subject. Fentress v. Fentress, 7 Heisk., 428, 433; Oakley v. Long, 10 Humph., 254.

Applications to the chancery courts for such purposes shall be made by petition, verified by affidavit, setting forth the facts in regard to the person and property of the supposed idiot or lunatic (Shannon's Code, section 5461); and it is provided by section 5465, Shannon's Code, that "the clerk and master shall cause the defendant to be served with a copy of the petition, and notice of the time and place of holding the inquest, at least five days previous thereto."

It has been held in some jurisdictions that where the statute prescribes a particular manner of serving the summons upon one who is sued as an insane person, the service must conform to the mode prescribed by the statute. See Note, 130 Am. St. Rep., 845.

But whether or not the particular mode and manner of notice prescribed by Shannon's Code, section 5465, supra, is essential is not here especially important, for the reason that there was no personal service of process or notice in any mode or manner upon John Walker Brewer in the instant case.

It is well settled in this state that in such proceedings personal notice must be served upon the alleged incompetent, and without such notice the judgment or decree is void. See Brewer v. Griggs, 10 Tenn. App., 378, 392, in which petition for certiorari was denied by the Supreme Court. See, also, Albright v. Rader, 13 Lea, 574; Ex parte Dozier, 4 Baxt., 81; Davis v. Norvell, 87 Tenn., 36, 9 S. W., 193.

In holding to the rule above stated, Tennessee is in accord with the general rule prevailing in other jurisdictions. See Note, 10 Ann. Cas., 216-218.

In 14 R. C. L., page 570, section 22, it is said: "It is generally held that if proceedings are instituted for the purpose of appointing a guardian or committee to take charge of the person or property of an alleged insane person, the latter must be given proper notice of such proceedings; and it has been expressly held by some courts that the proceeding to secure the appointment of a guardian of the person of an alleged incompetent is a proceeding in personam, and hence personal service, as distinct from service by publication, is essential to give the court jurisdiction."

And the appointment of a guardian ad litem for an alleged insane person without personal service of process on the alleged incompetent is void. 14 R. C. L., page 614; Eslava v. Lepretre, 21 Ala., 504, 56 Am. Dec., 266, 275; McCloskey v. Sweeney, 66 Cal., 53, 4 P., 943; Johnston v. Savings Union, 63 Cal., 554; Gray v. Palmer, 9 Cal., 616, 638.

In Ex parte Dozier, supra, 4 Baxt., 81, at page 83, the court said:

"It was never intended by the Legislature that so important a proceeding as that of declaring a party a lunatic, and taking charge of his person and his estate, should be consummated without personal notice. The law requires such notice as well when the proceeding commences in the county court as in the chancery court. As no such notice was given in the present case, the proceeding was erroneous and void."

In the case of Albright v. Rader, supra, the court said: "It was essential to the jurisdiction of the person that notice of the proceeding should be given. The record does not disclose that defendant had any notice of the proceeding until after the final order in the cause, nor until he prayed his appeal. This is not such an appearance as would waive the necessity of the formal notice required by the statute, and without such notice the judgment or decree would be void, and the defendant may have it reversed by appeal.

Our views of this case, as herein stated, lead irresistibly to the conclusion that the attempted appointment of C. L. Norman as guardian of John Walker Brewer was void, and consequently the final decree of the chancery court was erroneous.

6. The third and fourth assignments of error of the appellant United States Fidelity & Guaranty Company (except the third subsection of its fourth assignment) are sustained; and the fifth and ninth assignments, and the third subsection of the fourth assignment of said appellant are overruled.

The remaining assignments of error of both of the appellants (except in so far as some of them involve questions interwoven with those raised by the assignments above overruled or sustained) are pretermitted in view of our rulings above which have rendered them immaterial to the result.

7. It results that the decree of the chancery court, in so far as it is brought up by the appeal of the United States Fidelity & Guaranty Company, is reversed and set aside, and the bill in this case, together with the petition of C. L. Norman, is dismissed; but such dismissal is without prejudice to the rights and claims of John Walker Brewer, or any lawfully authorized guardian, committee, or representative for him, against the appellant United States Fidelity & Guaranty Company as surety on the bond of James H. Brewer described in the pleadings in this case. The costs of the cause, including the costs of the appeal, will be adjudged against the complainants Gladys Brewer and C. L. Norman.