CHAS. D. GOINS, Adm'r, v. ELIZABETH YOWELL
et al.—293 S. W. (2d) 251.

Eastern Section. May 9, 1956.

On Rehearing May 23, 1956.

Petition for Certiorari denied by Supreme Court, July 20, 1956.

Charles C. Moore, Chattanooga, for appellants.

Goins & Gammon, Chattanooga, for appellee.

McAMIS, P. J.   Charles D. Goins, Administrator with the will annexed of the estate of O. Y. Yowell, deceased, filed the bill in this case to sell real estate for the purpose of paying debts and winding up the estate and for partition of certain jointly owned lands between the estate and Miss Elizabeth Yowell, a sister of the decedent. After a private sale for partition had been decreed, Joe V. Williams, Trustee, as assignee of certain claims against the estate sought to intervene for the purpose of questioning the legality of the decree. Miss Zella Armstrong also sought to intervene as next friend for Miss Elizabeth Yowell, a person of advanced age and shown to be senile and non compos mentis.

The petition of the Trustee was dismissed because the claim against the estate would be paid in full from the proceeds of the sale theretofore ordered and because, however worthy his motives, the desire of the Trustee to prevent the sale in order that the property might be purchased by a nonprofit corporation to be organized and known as Missionary Ridge Battlefield Memorial

Park could not be considered. The petition of Zella Armstrong was dismissed because her petition showed that she too was interested in the preservation of the property as a memorial park and because Elizabeth Yowell was already represented by a duly appointed and acting guardian ad litem.

To prevent delay in the administration of the estate and to permit the use of the proceeds for the necessary support of Miss Yowell both petitioners were denied an appeal. They have filed a joint petition for writ of error seeking a review of the action of the Chancellor in dismissing their respective petitions.

A motion to dismiss the petition of the Trustee for writ of error has been filed by the respondent Administrator and by the guardian ad litem of Elizabeth Yowell on the ground that the Trustee is assured of collecting the full amount of his claim if the sale for partition is permitted to proceed and that, in any event, the decree was not final. This latter ground is also urged as a basis for dismissal of the petition for writ or error of Zella Armstrong. The motion is resisted on the ground that if the sale, in some future proceeding, should be held invalid the Trustee might be compelled to repay the amount received to the disappointed purchasers. It is insisted that the decree is final as to the Trustee and Zella Armstrong.

The decree of sale of the undivided one-half interest of the decedent is attacked as void principally on the grounds that the Administrator had no interest in the land and could not enter into a private contract of sale as attempted and could not maintain the suit for the dual purposes of selling the decedent's interest to pay debts

and the interest of Elizabeth Yowell to provide for her necessary support. It is also insisted that the case could not proceed against Elizabeth Yowell upon the mere allegation of incompetency and without first having her incompetency judicially declared.

The Administrator suggested the insolvency of the estate in the County Court and filed the bill in this case to sell the property "as an entirety" on the allegation that it could not be advantageously partitioned in kind. Elizabeth Yowell, being a nonresident, was brought before the Court by publication notice. As indicated a guardian ad litem was appointed upon the allegation of the bill and has defended the rights of Elizabeth Yowell.

On an order of reference, the Master reported that the property was so situated that it could not be partitioned in kind; that a reasonable minimum offer for the property, with the furniture included, would be $32,000. Moses and Leba Lebovitz thereupon submitted an offer to purchase the property for $32,000. Their offer was later raised to $32,200. The Administrator had diligently attempted to obtain an offer at higher figures but without success. When the Lebovitz offer and the Master's report were submitted to the Chancellor he found that "the welfare of Elizabeth Yowell, who is under disability, will be promoted by accepting said offer and consummating said proposed sale and that it is advantageous for all parties to do so." It was, accordingly, decreed that the Clerk and Master make and deliver a deed to the purchasers upon payment into court of the amount of their offer.

At this juncture Oscar Owenby, a creditor of the O. Y. Yowell estate, filed his petition objecting to a sale for

partition and claiming that the sale was void and should be set aside. The petition was dismissed. Later, Joe V. Williams, Trustee, acquired the claims of Owenby and two other creditors all totalling $72.01 and filed a petition to rehear the order dismissing the Owenby petition. This also was denied. In denying the petition to rehear the Chancellor pointed out that the sale had already been held and the money paid into court and no attempt had been made to raise the bid as much as 10% as required. He reiterated his former holding that the sale was valid.

■ Although in one aspect this suit was filed as a partition suit, we think the sale of the interests of O. Y. and Elizabeth Yowell may be treated as a joint sale of their separate interests. The Court had jurisdiction of the interest of the decedent upon the suggestion of insolvency of the personal estate and the transfer of the proceeding from the County Court. Code, sec. 8324. Elizabeth Yowell was brought before the court as co-tenant and later, whether or not authorized to do so as a part of his duties as administrator, the Administrator filed an amendment to the bill alleging that it was necessary to sell the interest of Elizabeth Yowell to provide for her necessary support. The Court's authority to deal with her interest and to dispose of it on such terms as might best conserve her estate cannot be doubted. Nashville Trust Co. v. Lebeck, 197 Tenn. 164, 270 S. W. (2d) 470, 475. In doing so, as said in that case, "the Chancellor is not circumscribed and limited by technical pleadings of counsel, but stands aloof and acts within the law as parens patriae."

■ Even if Code, sec. 9228 should be held to require that such a suit be instituted by a general guardian, a

sale made at the instance of some one other than the guardian would not be void. Hurt v. Long, 90 Tenn. 445, 16 S. W. 968.

■ So even if the bill was multifarious or subject to criticism on other technical grounds the decree would not be void and this it seems to us is the only possible interest a creditor could have in the sale.

■■ We cannot agree that the apppointment of a guardian ad litem could be made only upon an adjudication of insanity in a lunacy proceding. The purpose of appointing a guardian ad litem is to protect the incompetent in the particular litigation wherein the appointment is made. Gibson's Suits in Chancery, Higgins & Crownover, Section 227. It is true such appointment can only be made after the incompetent has been brought before the Court but where the Court has jurisdiction over property this may be done by publication as well as by actual service of process. (Ib.)[1]. Brewer v. Brewer, 19 Tenn. App. 209, 84 S. W. (2d) 1022, cited in the supporting brief, does not, in our opinion, hold that the appointment of a guardian ad litem can not be made on the allegations of the bill. The practice of doing so is of long standing and, so far as we are advised, has never before been questioned.

■ It is next insisted the decree is void because by a 1955 Act of the Legislature, c. 201, Part II of the Chancery Court of Hamilton County acquired exclusive jurisdiction of "the probate of wills and administration of estates". We do not think this statute can be given the effect of depriving Part I of the right and province of

[1] Incompetency must then be proved as any other allegation of the bill. In this case it is established by abundant proof.

all courts of equity to take jurisdiction for all purposes where its jurisdiction is properly invoked for a purpose within its jurisdiction.

We think the Court was clearly correct in dismissing the petition of Zella Armstrong as next friend. There are two reasons sustaining this action: (1) The petition disclosed that the petitioner was not acting exclusively in the interest of Elizabeth Yowell but in part to afford Memorial Park an opportunity to bid on the property; (2) Elizabeth Yowell was already represented by a guardian ad litem.

Since the result is the same, we have pretermitted the questions of whether the Trustee has shown himself aggrieved by the decree and whether the decree is final in the sense that it can be reviewed on writ of error.

For the reasons indicated the petitions for writ of error must be denied at the cost of petitioners. If necessary, an order may be entered remanding the case to the Chancery Court.

Hale, J., concurs.

For reasons satisfactory to him, Howard, J., did not participate in the decision of this case.

### On Petition to Rehear.

McAmis, P. J. Joe V. Williams, Trustee, and Zella Armstrong, as next friend, have filed a joint petition to rehear.

Zella Armstrong's petition to intervene was dismissed because the interest which she sought to protect was already being represented by a guardian ad litem and because her petition disclosed that she was acting in part

to permit Memorial Park an opportunity to bid on the property. Either of these grounds is sufficient to sustain the action of the Chancellor. If she had no right to intervene (and we adhere to our ruling on that question) Zella Armstrong has no right to complain of any action of the Chancellor and her petition to rehear must be dismissed.

The petition concedes that the original bill was properly filed by the Administrator and as held in our former opinion this gave the Court jurisdiction over the undivided interest of the intestate. Under Nashville Trust Company v. Lebeck cited in our opinion the court acquired jurisdiction of the interest of Elizabeth Yowell irrespective of any criticism that might be leveled against the bill as amended. Having acquired jurisdiction of both interests we conceive of no reason why the Court could not decree a sale of the property as a whole, especially in view of the proof that it was to the interest of all parties to do so. We are not cited to any authority holding that sales of property in proceedings of this nature must be public or that private sales approved by the Chancellor are void and we know of no authority so holding. Since claims will be paid in full this, it seems to us, is the only conceivable interest a creditor could have.

It was our intention to overrule all assignments and they may be treated as overruled.

Costs incident to filing the petition to rehear are taxed to petitioners.

Hale, J., concurs.