IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 18, 2014 Session

# IN RE: GUARDIANSHIP OF MINOR CHILDREN OF LORENZEN WRIGHT

Direct Appeal from the Probate Court for Shelby County
No. D14153      Robert Benham, Judge

No. W2012-02712-COA-R3-CV - Filed March 27, 2014

This is an appeal from a probate court order in a guardianship case. In a prior action involving the same parties, the circuit court established a trust to hold insurance proceeds due to Minor Children and appointed Mother trustee. Subsequently, the present case was initiated when Grandfather petitioned the probate court to be appointed guardian over separate pension funds due to Minor Children. Mother also sought to be appointed guardian over the pension funds initially, but she later withdrew her request. Despite Mother's withdrawal, the probate court investigated Mother's personal finances and became concerned with her management of the previously established trust. The probate court appointed a guardian ad litem to further investigate Mother's management of the trust. We hold that the probate court acted beyond the scope of its jurisdiction in doing so and therefore vacate the court's judgment in part and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Vacated in part and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Christopher F. Donovan, Memphis, Tennessee, for the appellant, Sherra Robinson Wright.

Ruby Wharton, Memphis, Tennessee, for the appellee, Herbert Wright.

Dorothy Johnson Pounders, Guardian Ad Litem.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 3, 2010, Sherra Robinson Wright ("Sherra Wright") and Lorenzen Wright were divorced upon entry of a Final Decree of Divorce in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis (the "Circuit Court"). Pursuant to the terms of the divorce decree, Lorenzen Wright was required to maintain a life insurance policy to support the parties' six minor children (the "Minor Children") in the event of his untimely death. Lorenzen Wright subsequently passed away on July 28, 2010.

Following Lorenzen Wright's death, litigation ensued in the Circuit Court over the control and disposition of the aforementioned life insurance proceeds between Sherra Wright and Herbert Wright, Lorenzen Wright's father and the executor of his estate. On July 1, 2011, the Circuit Court ordered that the insurance proceeds be paid into a trust created for the benefit of the Minor Children (the "Insurance Proceeds Trust"), which would be supervised by the Circuit Court. The Circuit Court's order designated Sherra Wright trustee and ordered that she file an annual accounting with the Circuit Court detailing all money received into the Insurance Proceeds Trust and expenditures from it. Neither party appealed the July 1, 2011 Circuit Court order.

In addition to the funds held in the Insurance Proceeds Trust, upon Lorenzen Wright's death, the Minor Children became entitled to a death benefit of approximately $184,000 payable by the National Basketball Association Players' Pension Plan (the "Pension Funds"). On May 23, 2012, Herbert Wright commenced the current action in the Probate Court of Shelby County, Tennessee ( the "Probate Court") by filing a Petition for Appointment of Interim Guardian for Minor Children of Lorenzen Wright. In his petition, Herbert Wright sought to be appointed trustee or interim guardian of the Pension Funds on behalf of the Minor Children. On July 10, 2012, Sherra Wright responded by filing a petition in which she requested that the Probate Court dismiss Herbert Wright's petition and appoint her guardian of all property belonging to the Minor Children, including the Pension Funds.

The matter was initially heard in the Probate Court on August 9, 2012. Herbert Wright called Deborah French, a clerk of the Circuit Court, as his first witness at the hearing. Ms. French testified that although over twelve months had passed since the July 1, 2011 Circuit Court order, Sherra Wright had not filed an annual accounting of the Insurance Proceeds Trust as the Circuit Court had ordered her to do. Following Ms. French's testimony, the Probate Court judge indicated that he would not be prepared to make a ruling on the proper guardian of the Pension Funds until he could review Sherra Wright's accounting documents for the Insurance Proceeds Trust. Sherra Wright's counsel advised

the Probate Court that the accounting would be completed within a few weeks, and the judge adjourned the hearing until October 2, 2012. In the meantime, the parties stipulated that the Pension Funds would be paid to the clerk of the Probate Court and held in an interest bearing account.

On September 28, 2012, Sherra Wright filed an accounting statement for the Insurance Proceeds Trust in the Circuit Court.

When the parties reconvened on October 2, 2012, Sherra Wright, through her counsel, orally withdrew her petition to be appointed guardian of the Pension Funds. Both Herbert Wright and Sherra Wright subsequently testified regarding Herbert Wright's fitness to be appointed guardian of the Pension Funds. At some point during the proceedings, counsel for Herbert Wright attempted to solicit testimony and introduce evidence concerning the Insurance Proceeds Trust accounting statement that Sherra Wright had filed in Circuit Court. Sherra Wright's counsel objected to the line of questioning. The judge sustained the objection and explained that because Sherra Wright had withdrawn her petition, the only issue remaining before the court was Herbert Wright's fitness to be appointed guardian of the Pension Funds.

Despite sustaining the objection, the judge later requested that Sherra Wright tender a copy of the Insurance Proceeds Trust accounting documents that she had prepared for the Circuit Court. Sherra Wright voluntarily turned over the requested documents. The judge proceeded to question Sherra Wright concerning the particulars of the accounting and other financial matters, such as the extent of her indebtedness, the extent of her personal assets, and the extent of the assets held by the Insurance Proceeds Trust. Before adjourning for the day, the judge directed Sherra Wright to produce further documents reflecting the Insurance Proceeds Trust agreement and documents evidencing any and all transfers of property to the Insurance Proceeds Trust. Sherra Wright provided the requested documents to the Probate Court when the hearing reconvened the following day.

In a ruling from the bench on October 3, 2012, the Probate Court found Herbert Wright to be an appropriate individual to be named guardian over the Pension Funds on behalf of the Minor Children. The Probate Court ordered that the Pension Funds remain on deposit with the clerk of the Probate Court and held in an interest bearing account. Additionally, the Probate Court ordered that Dorothy Pounders, Esq., would be appointed guardian ad litem for the Minor Children to conduct an investigation into their circumstances and take any appropriate and necessary action on their behalf.

On October 12, 2012, the Probate Court expanded on the oral ruling in its written Findings of Fact, Conclusions of Law, and Order. In its Findings of Fact, the Probate Court

observed that Sherra Wright's accounting of the Insurance Proceeds Trust showed that in her fiduciary capacity, she had received $1,090,146.00 from August 1, 2011 through July 31, 2012. The Probate Court found that of that money, only $116,858.57 of liquid assets remained in the Insurance Proceeds Trust. The Probate Court found that the long-term best interests of the Minor Children were not being met from the proceeds of Lorenzen Wright's life insurance policy. Based on that finding, the Probate Court deemed it necessary to appoint a guardian ad litem for the Minor Children, and ordered:

> That Dorothy Pounders, Esq. is appointed as Guardian Ad Litem for the six (6) minor children of Lorenzen Wright, in order to determine the appropriate assets that properly belong to these minors and to pursue any and all necessary causes of action in order to protect these assets for the benefit of said minors, and to take any and all such further actions as may be necessary in this Court and in the Circuit Court in order to properly effect documentation of the Circuit Court's Order dated July 1, 2011.

Following entry of the Probate Court's Order, Sherra Wright timely filed a Notice of Appeal to this Court. She raises the following issues for our review, as we have restated them:

1. Whether the Probate Court erred by questioning Sherra Wright about her finances, particularly as they related to the Insurance Proceeds Trust?

2. Whether the Probate Court's Findings of Fact impermissibly exceeded the scope of the pleadings or matters at issue?

3. Whether the Probate Court abused its discretion by appointing a guardian ad litem for the Minor Children?

## II. ANALYSIS

Sherra Wright's primary contention is that the Probate Court erred in appointing a guardian ad litem to protect the interests of the Minor Children. The sole relief that she requests on appeal is that this Court vacate the Probate Court's Order to the extent that it directs the appointment of guardian ad litem for purposes unrelated to Herbert Wright's petition to be appointed guardian of the Pension Funds for the Minor Children. We will therefore limit our discussion to determining the propriety of the Probate Court's guardian ad litem appointment.

Sherra Wright first contends that the Probate Court erred by appointing a guardian ad litem *sua sponte* though neither of the parties requested it. We find this argument unconvincing. Tennessee Rule of Civil Procedure 17.03 grants trial courts the discretion to appoint a guardian ad litem for a minor "whenever justice requires." Tenn. R. Civ. P. 17.03 (2012). Interpreting that language, the Tennessee Supreme Court has stated that it is within the sound discretion of the trial judge to determine whether justice demands the appointment of a guardian ad litem. *Gann v. Burton*, 511 S.W.2d 244, 246 (Tenn. 1974). The trial judge does not require the blessing of the parties to exercise that discretion. *See Sloan v. Poff*, No. M2009-01839-COA-R3-JV, 2011 WL 1166845, at *10-11 (Tenn. Ct. App. Mar. 29, 2011) (rejecting the argument that a trial judge cannot *sua sponte* appoint a guardian ad litem). Based on the foregoing, it is clear that the Probate Court had wide discretion to appoint a guardian ad litem, even in the absence of a request that it do so. The question before us now is whether the Probate Court abused that discretion.

> In its Order, the Probate Court directed the guardian ad litem to
>
> determine the appropriate assets that properly belong to these minors and to pursue any and all necessary causes of action in order to protect these assets for the benefit of said minors, and to take any and all such further actions as may be necessary in this Court and in the Circuit Court in order to properly effect documentation of the Circuit Court's Order dated July 1, 2011.

Sherra Wright contends that the Probate Court's instructions are an abuse of its discretion because they direct the guardian ad litem to take action with respect to matters within the Circuit Court's jurisdiction. This Court has recognized the potential abuse of discretion that exists when a guardian ad litem assumes a role that is overly-expansive, not useful, or otherwise inappropriate. *Keisling v. Keisling*, 196 S.W.3d 703, 730 (Tenn. Ct. App. 2005). Given the limited issue before the Probate Court in this case, we think its instructions to the guardian ad litem do create such an overly-expansive role.

After Sherra Wright withdrew her petition to be appointed guardian of the Pension Funds, the only issue remaining before the Probate Court was Herbert Wright's fitness to act as guardian. Indeed, the Probate Court acknowledged that to be the case when it sustained the objection to questioning about Sherra Wright's finances and the Insurance Proceeds Trust. Despite the acknowledgment, the judge proceeded to question Sherra Wright about her personal finances and management of the Insurance Proceeds Trust, and requested that she produce documents related to the Insurance Proceeds Trust accounting statement she had filed in Circuit Court. The Probate Court subsequently found that Sherra Wright's management of the Insurance Proceeds Trust did not match the long-term best interests of the Minor Children and appointed the guardian ad litem to investigate. Those actions by the

Probate Court were irrelevant to the issue that was before it and were an impermissible incursion into the Circuit Court's jurisdiction.

The purpose of appointing a guardian ad litem is to protect the respondent in the particular litigation in which the appointment is made. *Goins v. Yowell*, 293 S.W.2d 251, 254 (Tenn. 1956). Once Sherra Wright withdrew her petition, the only issue before the Probate Court was Herbert Wright's fitness to act as guardian over the Pension Funds. The Probate Court could have appointed a guardian ad litem to investigate Herbert Wright's financial capabilities and fitness to supervise and protect the Pension Funds on behalf of the Minor Children. Indeed, Tennessee Code Annotated section 34-1-107 directs the Probate Court to do just that. Tenn. Code Ann. § 34-1-107 (2007 & Supp. 2012). However that is not what the Probate Court did. Instead, it found that the best interests of the Minor Children were not being met from the funds held in the Insurance Proceeds Trust and appointed a guardian ad litem to protect the Minor Children's assets and to "take any and all such further actions . . . in order to properly effect documentation of the Circuit Court's Order dated July 1, 2011." The Probate Court did not have jurisdiction to give that instruction. Any further action necessary with respect to the July 1, 2011 Circuit Court Order or the Insurance Proceeds Trust should be ordered by the Circuit Court, as those matters remain exclusively within its jurisdiction. *See Kizer v. Bellar*, 241 S.W.2d 561, 562 (Tenn. 1951) (explaining that a court that grants a divorce and orders support retains exclusive jurisdiction over those matters). Based on the foregoing, we hold that the Probate Court abused its discretion by directing the guardian ad litem to take action with respect to matters not within its jurisdiction.

## III. HOLDING

For the reasons stated above, we vacate the judgment of the Probate Court insofar as it directed the guardian ad litem to take actions unrelated to the issue before it. We remand this action to the Probate Court for further proceedings consistent with this opinion. Costs of this appeal are taxed one-half to the Appellee, Herbert Wright and one-half to the Appellant, Sherra Robinson Wright, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE